IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Derell D. Wiggins, | ) | Case No. 5:22-cv-02381-JDA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Neville Richardson, David Johnson, | ) | |
| Jacquetta Riley *LPN*, Sydney Salavec, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on a motion for summary judgment filed by Defendants Neville Richardson, David Johnson, and Sydney Salavec ("Moving Defendants"). [Doc. 31.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

On January 16, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the motion for summary judgment be granted in part and denied in part. [Doc. 46.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 25.] Plaintiff filed objections on January 29, 2024, and Moving Defendants filed a reply on February 22, 2024. [Docs. 49; 54.] This motion is now ripe for review.[1]

---

[1] Plaintiff also filed a preemptive objection to any party making a "Rule 40(j)" motion. [Doc. 59.] This objection apparently references Rule 40(j) of the South Carolina Rules of Civil Procedure, as the Federal Rules of Civil Procedure do not include a Rule 40(j).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

Viewed in the light most favorable to Plaintiff, the summary judgment record reveals the following facts.[2] Plaintiff, a prisoner in the custody of the South Carolina Department of Corrections ("SCDC"), was transferred from McCormick Correctional Institution ("McCormick") to Gilliam Psychiatric Hospital ("Gilliam"), located at Kirkland Correctional Institution, on July 17, 2019. [Docs. 31-2 at 2: 31-3 at 98.] On July 26, 2019, he was physically assaulted and anally raped in the shower area by another inmate. [Doc. 31-4 at 17–21.]

---

[2] The Magistrate Judge provided an accurate and thorough recitation of the facts and, therefore, the Court includes only the factual information necessary to address Plaintiff's objections.

Corrections officers Richardson and Johnson broke up the assault, and Plaintiff notified them that he had been sexually assaulted and he requested medical care. [*Id.* at 19, 20, 25, 26, 43; Doc. 31-7 at 16–19.] Defendant Salavec, a mental health professional, met Plaintiff in his cell after the incident, at which time Plaintiff also told her that he had been sexually assaulted. [Doc. 31-4 at 26, 42.] Plaintiff was seen in the Gilliam treatment room following the assault for a post-use-of-force evaluation. [*Id.* at 43.] He requested medical treatment in the form of a hospital visit because he had been raped. [*Id.* at 44.] At that time a Prison Rape Elimination Act ("PREA") investigation was opened, and Plaintiff was seen by a nurse, who scheduled him to have a rape exam. [Doc. 36-1 at 93.] That appointment was later canceled, however, based on the decision of an unnamed person "from headquarters." [Doc. 36-4 at 55–59.] Plaintiff was also seen for chemical munition exposure related to the incident. [Doc. 31-3 at 66–67.] The record reflects that Plaintiff suffered a scratch on the back of his neck, but there were no other injuries noted, and Plaintiff reported no pain. [*Id.*]

Plaintiff was transferred back to McCormick, and on July 31, 2019, when Kevin Cunningham, a mental health provider, visited his cell, Plaintiff told him that he had been raped. [Doc. 31-4 at 46.] On that date, Plaintiff had a PREA assessment. [Doc. 31-6 at 33.] Initially, he was going to be transported to a hospital for a rape exam, but he ultimately remained at McCormick, apparently due to the transfer exceeding the five-day period of time after a sexual assault. [*Id.* at 35; Doc. 36-4 at 54–55.] During his

3

assessment, Plaintiff refused to allow an assessment of his anus, but he was offered mental health counseling and support counseling. [Docs. 31-6 at 36; 36-4 at 42.]

In his Complaint, Plaintiff alleges several causes of action pursuant to 42 U.S.C. § 1983. As explained by the Magistrate Judge, Plaintiff alleges an Eighth Amendment failure-to-protect claim against Richardson, an Eighth Amendment failure-to-provide-medical-treatment claim against all Defendants, and a Fourteenth Amendment denial-of-due-process claim against all Defendants. [Doc. 1 ¶¶ 29–38; *see* Doc. 46 at 9–10 n.5 (Magistrate Judge construing the Complaint as asserting his failure-to-protect claim against Richardson only).]

## **DISCUSSION**

The Magistrate Judge recommends denying Moving Defendants' summary judgment on the Eighth Amendment failure-to-protect claim against Richardson [Doc. 46 at 7–15, 22–24] and granting the motion as to Plaintiff's other claims [*id.* at 15–22].[3] Regarding the failure-to-provide-medical-treatment claim, the Magistrate Judge specifically notes that Plaintiff did not forecast evidence of denial of medical treatment insofar as he was seen by several medical providers in the days following the assault. [*Id.* at 16–19.] The Magistrate Judge further concluded that to the extent the claim was

---

[3] No party has objected to the Magistrate Judge's recommendation that summary judgment be granted to Moving Defendants on Plaintiff's Fourteenth Amendment claim and denied to Richardson on the Eighth Amendment failure-to-protect claim. Having reviewed the Report, the record in this case, and the applicable law regarding those claims, the Court finds no clear error. Thus, the Court accepts the Report with respect to those claims and incorporates those portions of the Report by reference. The Court will therefore focus its analysis on the Report's recommendations on Plaintiff's failure-to-provide-medical-treatment claim.

based on an alleged delay in Plaintiff receiving treatment specifically for the rape, Plaintiff has not alleged that he suffered any harm as a result of any such delay. [*Id.* at 19.]

In his objections, Plaintiff argues that the Magistrate Judge erred in recommending granting summary judgment to Moving Defendants on his failure-to-provide-medical-treatment claim despite Plaintiff's evidence that he informed them that he was sexually assaulted immediately after the assault occurred but they did not inform anyone else[4] [Doc. 49 at 2–4]; in relying on the fact that Plaintiff refused to have parts of his body evaluated for injuries related to rape [*id.* at 4–5], and in concluding that he did not forecast evidence that could support a finding that he suffered substantial harm from the delay in his being treated specifically for the rape [*id.* at 5].

The Court overrules Plaintiff's objections. First, for the reasons outlined by the Magistrate Judge [Doc. 46 at 16–19], Moving Defendants are entitled to summary judgment even if it is assumed both that Plaintiff informed them immediately that he had been sexually assaulted and that Plaintiff did not refuse to allow a full physical evaluation. Specifically, Plaintiff received medical treatment on several occasions soon after the assault and has not forecasted evidence that any delay in receiving treatment specifically for the rape caused him any substantial harm. Additionally, the Court disagrees with Plaintiff's argument that a reasonable jury could infer that he suffered substantial harm based on the short delay in being treated specifically for the rape when Plaintiff has not forecasted evidence of any such harm. *See Rhinehart v.* Ray, No. 2:22-cv-00594-JFA-MGB, 2023 WL 4409001, at *11 (D.S.C. May 24, 2023) (granting summary judgment on

---

[4] This argument comprises what Plaintiff describes as "Objection #1" and "Objection #2" in his objections. [Doc. 49 at 2–4.]

5

Eighth Amendment inadequate-medical-treatment claim when there was no evidence that delay in medical treatment caused the plaintiff substantial harm), *Report and Recommendation adopted by* 2023 WL 4196937 (D.S.C. June 27, 2023); *Pilcher v. Bouch*, No. 2:20-cv-01217-DCN-MGB, 2021 WL 11486497, at *8 (D.S.C. Dec. 21, 2021) (same), *Report and Recommendation adopted by* 2022 WL 20101159 (D.S.C. Mar. 16, 2022). Finally, the Court disagrees with Plaintiff's argument that Moving Defendants are not entitled to summary judgment on the basis of qualified immunity. Because Plaintiff has failed, for the reasons outlined by the Magistrate Judge, to forecast evidence that Moving Defendants violated Plaintiff's constitutional rights, the Magistrate Judge correctly concluded that qualified immunity provided another ground supporting Moving Defendants' entitlement to summary judgment on the failure-to-provide-medical-treatment claim. Therefore, the Court finds Plaintiff's objections unavailing as to his failure-to-provide-medical-treatment claim.

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Moving Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. The motion is denied as to Plaintiff's Eighth Amendment failure-to-protect claim against Richardson and it is otherwise granted.

    IT IS SO ORDERED.

                                  s/Jacquelyn D. Austin
                                  United States District Judge

May 16, 2024
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.